IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-00312-WDM-MJW

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION
NO. 68,

      Plaintiff,

v.

ELECTRICAL FORCES, LLC,

      Defendant.

---

## ORDER OF DEFAULT JUDGMENT

Miller, J.

      This case is before me on Plaintiff's motion for default judgment (Docket No. 17) and motion for judgment on the pleadings (Docket No. 7). Defendant has not responded to either of these motions. A hearing on the motion for default judgment was held on October 12, 2007. For the reasons set forth below, the motion for default judgment will be granted and the motion for judgment on the pleadings will be denied as moot.

Background[1]

      The parties entered into a collective bargaining agreement entitled the Master Denver Inside Agreement (Agreement) in July 2005. After learning that Defendant was not paying the wages and fringe benefits as specified in the agreement Plaintiff filed a

---

[1] The following facts are taken from either the Complaint or Plaintiff's affidavits.

PDF Final

grievance and presented the grievance to the Labor-Management Committee (Committee).  Based on a hearing, the Committee issued a unanimous decision that Defendant had violated the Agreement and ordered Defendant to comply with the Agreement and make outstanding payments to the relevant pension funds (Pension Funds) as required by the Agreement.  Defendant, however, refused delivery and has refused to comply with the decision.  Subsequently, the Plaintiff filed this action on February 13, 2007.

Service was attempted on Defendant on February 18, 2007 but Defendant refused to accept service.  Thereafter, service was made on Defendant by leaving a copy with an agent of Defendant.  Defendant answered the Complaint on March 12, 2007, but the answer was stricken on April 5, 2007 because the answer was filed by an agent of the corporation (Tom Gaccetta) and not by an attorney authorized to practice law before this Court as required for a defendant corporation.  A scheduling conference was held April 12, 2007 before Magistrate Judge Michael J. Watanabe.  However, the scheduling conference had to be rescheduled to May 17, 2007 because Gaccetta appeared for Defendant corporation without counsel.  Magistrate Judge Watanabe also set a show cause hearing for the same day at which Defendant was ordered to show cause why default and default judgment should not be entered for failure to retain counsel as directed by this Court.  Defendant failed to appear at the scheduling conference and show cause hearing on May 17, 2007 or to respond in any manner to the show cause order.  Thereafter, as ordered by the Court, Plaintiff filed a motion for default on May 18, 2007.  Plaintiff simultaneously filed a motion for default judgment.

The clerk entered default on May 21, 2007.  A hearing was held by this Court regarding

the motion for default judgment on October 12, 2007.  Defendant did not appear.

The Eighth District Electrical Pension Fund, the relevant pension fund for the

collective bargaining agreement at issue in this case, has filed a related case against

Defendant to obtain payments to the pension fund as required by the Agreement.  That

case has been stayed by Judge Babcock pending an audit of Defendant's books and

settlement negotiations between the parties.

Discussion

Pursuant to 29 U.S.C. § 185, plaintiff requests this Court confirm the order of the

Committee and order Defendant to comply with the terms of the Agreement and pay

any outstanding amounts due to the Pension Funds as required by the Agreement.

The amount due to the Pension Funds is not specified by Plaintiff or by the Committee

allegedly because the amount is still unknown because Defendant has refused to allow

an audit of its books.  As Defendant has not appeared in any manner in this suit, it has

not provided any argument opposing Plaintiff's request.

29 U.S.C. § 185 confers on district courts jurisdiction to decide "[S]uits for

violation of contracts been an employer and a labor organization."  Courts are often

asked to confirm arbitration decisions made pursuant to a collective bargaining

agreement grievance procedure.  *See, e.g.*, *Int'l Bhd. Of Elec. Workers, Local Union

No. 969 v. Babcock & Wilcox*, 826 F.2d 962, 964 (10th Cir. 1987); *United Food &

Commercial Workers, Local Union No. .7R v. Safeway Stores, Inc.*, 889 F.2d 940, 945

(10th Cir. 1989) (discussing when an employee can sue for confirmation and

enforcement under the National Labor Relations Act); *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 479 (3d Cir. 2006).

> With respect to default judgments, the Tenth Circuit has noted:

> The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.  The default judgment remedy serves as such a protection. . . . [Courts] do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error.

*Cessna Finance Corp. V. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cri. 1980)).  However, "a workable system of justice requires that litigants not be free to appear at their pleasure.  [Courts] therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure." *Id.* (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981)).

In this case, Plaintiff submitted its grievance to the Committee who rendered decision on October 4, 2006.  After Defendant continued to fail to comply with the Agreement or the decision, Plaintiff filed this suit seeking a confirmation of the Committee's decision and, hopefully, greater ability to enforce the Committee's decision.  Defendant did not file an adequate answer, failed to appear or respond in any way to a show cause order ordering Defendant to show cause why a default judgment was not appropriate, and failed to appear the default judgment hearing.  Furthermore, Plaintiff has filed with this court an affidavit asserting that Defendant is

not an infant, incompetent, officer or agent of the United States or the State of Colorado, or serving in the military service (Docket No. 20).  Plaintiff has also filed a copy of the Committee decision.  Therefore, I find that default judgment is appropriate under Fed. R. Civ. P. 55.

Accordingly it is ordered:

1.    Plaintiff's motion for default judgment (Docket No. 17) is granted.

2.    Defendant is ordered to comply with the terms of the Agreement and pay outstanding payments due to the Pension Funds.

3.    Plaintiff may have their costs.

4.    Plaintiff's motion for judgment on the pleadings (Docket No. 7) is denied as moot.

DATED at Denver, Colorado, on October 23, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge